IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF<br><br>KAUKAUNA LODGING, INC.<br><br>　　　　　Debtor. | )<br>)<br>)<br>)<br>)<br>) | Case No. BK 10-82869<br>(Proposed Lead Case)<br><br>Chapter 11 |
| IN THE MATTER OF<br><br>GRAND FORKS SETTLE INN<br>LIMITED PARTNERSHIP<br>　　　　　Debtor. | )<br>)<br>)<br>)<br>)<br>) | Case No. BK 10-82868<br><br>Chapter 11 |
| IN THE MATTER OF<br><br>GRAND FORKS LODGING<br>LIMITED PARTNERSHIP<br>　　　　　Debtor. | )<br>)<br>)<br>)<br>)<br>) | Case No. BK 10-82871<br><br>Chapter 11 |
| IN THE MATTER OF<br><br>SEWARD LODGING BUILDERS, INC.<br><br>　　　　　Debtor. | )<br>)<br>)<br>)<br>)<br>) | Case No. BK 10-43009<br><br>Chapter 11 |
| IN THE MATTER OF<br><br>LINCOLN VENTURES, L.L.C<br><br>　　　　　Debtor. | )<br>)<br>)<br>)<br>)<br>) | Case No. BK 10-43012<br><br>Chapter 11 |

**JOINT MOTION PURSUANT TO 11 U.S.C. §§ 105, 361, 362, AND FED. R. BANK. P. 4001(b) AND (d) FOR AN INTERIM ORDER: (I) AUTHORIZING THE USE OF CASH COLLATERAL, (II) GRANTING ADEQUATE PROTECTION TO SECURED PARTY, (III) GRANTING RELATED RELIEF; (IV) SCHEDULING A FINAL HEARING; AND (V) REQUEST FOR SHORTENED RESISTANCE DEADLINE AND EXPEDITED HEARING**

IN THE MATTER OF
KAUKAUNA LODGING, INC. ET AL., Debtors
Case No. BK 10-82869, 10-82868,
10-82871, 10-43009, 10-43012
Motion to Use Cash Collateral

  COMES NOW Kaukauna Lodging, Inc., debtor and debtor-in-possession in Case BK 10-82869, the Grand Forks Settle Inn Limited Partnership, debtor and debtor-in-possession in Case BK 10-82868, the Grand Forks Lodging Limited Partnership, debtor and debtor-in-possession in Case BK 10-82871, Seward Lodging Builders, Inc, debtor and debtor-in-possession in Case BK 10-43009, Lincoln Ventures, LLC, debtor and debtor-in-possession in Case BK 10-43012, (collectively referred to herein as "Debtors"[1]), and Bank of America, N.A. as Trustee for the registered holders of Wachovia Bank Commercial Mortgage Trust, Commercial Mortgage Pass-Through Certificates, Series 2005-C22 ("Lender"), and support of their Joint Motion Pursuant to 11 U.S.C. §§ 105, 361, 362 and Fed. R. Bank. P. 4001(b) and (d) for an Interim Order: (i) Authorizing the use of Cash Collateral; (ii) Granting Adequate Protection to Secured Party; (iii) Granting Related Relief; (iv) Scheduling a Final Hearing; ("Motion"), state and allege as follows:

### Introduction

1. On October 1, 2010, ("Petition Date"), Debtors filed five separate voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code ("Bankruptcy Code") in the United States Bankruptcy Court for the District of Nebraska ("Bankruptcy Court").

2. Each Debtor remains in possession of its assets and continues to operate as debtor-in-possession in accordance with 11 U.S.C. §§ 1107 and 1108.

3. This Court has jurisdiction under 11 U.S.C. § 1334. Venue is proper under 11 U.S.C. §§ 1408 and 1409. This is a core proceeding under 28 U.S.C. § 157(b)(2).

4. An Official Committee of Unsecured Creditors has not yet been appointed in any of the Related Cases.

---

[1] Unless otherwise noted, the use of the term "Debtor" shall refer to each individual debtor comprising the Debtors.

OMA-314800-1

IN THE MATTER OF
KAUKAUNA LODGING, INC. ET AL., Debtors
Case No. BK 10-82869, 10-82868,
10-82871, 10-43009, 10-43012
Motion to Use Cash Collateral

5. No Trustee or examiner has been appointed in the above captioned bankruptcy cases.

## Corporate History and Debt Structure

I. Corporate Structure

6. Each Debtor in the above referenced cases is a separate legal entity and each owns, controls, and operates a separate hotel complex (collectively the "Facilities"). Although each Debtor is a separate legal entity, each has common ownership and controlling interests that can be easily described as follows: (1) each Debtor operates as a registered limited partnership; (2) each limited partnership Debtor is in turn controlled by a incorporated general partner; (3) each incorporated general partner is managed and controlled by common shareholders, including David Graf; and (4) David Graf has guaranteed the secured obligations (as described below) of each Debtor referenced above.

II. Debt Structure

7. On or about November 1, 2005, Debtors, each as a borrower, entered into a credit facility with Artesia Mortgage Capital Corporation ("Artesia") to facilitate a loan of approximately $7,155,000.00 ("Credit Agreement"). To evidence the loan described in the Credit Agreement, Debtors, again each as a borrower, executed a single defeasance promissory note ("Note") in the face amount of $7,155,000.00 on November 1, 2005. Collectively, the Credit Agreement and Note shall be referred to herein as the "Prepetition Obligations."

8. To secure the Prepetition Obligations, each Debtor executed a separate commercial deed of trust or commercial mortgage, security agreement, and assignment of rents ("Security

OMA-314800-1

IN THE MATTER OF
KAUKAUNA LODGING, INC. ET AL., Debtors
Case No. BK 10-82869, 10-82868,
10-82871, 10-43009, 10-43012
Motion to Use Cash Collateral

Instrument") granting liens in favor of Artesia (the "Prepetition Liens") in the improved real property and other assets owned by each Debtor (the "Prepetition Collateral").

9. To further secure Debtors' obligations under the Note, David Graf executed a Limited Recourse Obligations Guaranty in favor of Artesia ("Graf Guaranty")[2].

10. Through a series of assignments of the Credit Agreement, Note, Security Documents, and Graf Guaranty, Lender claims to be the "Trustee for the registered holders of Wachovia Bank Commercial Mortgage Trust, Commercial Mortgage Pass-Through Certificates, Series 2005-C22", the real party-in-interest entitled to enforce the Prepetition Obligations, and has asserted a claim to and interest in any and all of Debtors' cash collateral, as that term is defined in 11 U.S.C. §363(a).[3]

11. Debtors represent and state to the court and to Lender that David Graf currently neither has nor claims any beneficial or ownership interest in Crown Group, Inc., which is the manager of the Debtor's assets, nor does he receive any compensation or other income from Crown Group, Inc.

## Use of Cash Collateral

12. Section 363(c) of the Bankruptcy Code provides that a trustee (or authorized debtor-in-possession) may not "use, sell, or lease cash collateral…unless each entity that has an interest in such cash collateral consents. *See* 11 U.S.C. §363(c).

---

[2] The reference herein to the Graf Guaranty is for illustrative purposes only and is not an admission or statement of fact with respect to the validity of the Graf Guaranty.

[3] Debtors do not waive any defenses or claims with respect to the claims of Bank of America or its status as Trustee and/or a real party-in-interest with respect to the Credit Agreement, Note, Security Documents or Graf Guaranty.

OMA-314800-1

IN THE MATTER OF
KAUKAUNA LODGING, INC. ET AL., Debtors
Case No. BK 10-82869, 10-82868,
10-82871, 10-43009, 10-43012
Motion to Use Cash Collateral

13. Debtors and Lender agree that it will be necessary for Debtors to use their Cash Collateral to protect the Facilities and their other assets, to pay employees, vendors, suppliers, and contractors for supplies and services, and to operate their businesses.  By this Motion, Debtors seek permission to use Cash Collateral from the Petition Date through December 15, 2010 (the "Interim Period"), in order to pay the necessary expenses of operation.

14. In the event this Court does not authorize Debtors' use of Cash Collateral, Debtors assert that they will be unable to maintain the Facilities, the operation of which is the sole source of income for Debtors' individual estates, and Debtors may be unable to propose a plan of reorganization or liquidation, as contemplated by the Bankruptcy Code.  Without the ability to use of Cash Collateral, Debtors will be seriously and irreparably harmed, resulting in significant losses to Debtors' individual estates and the creditors thereof.

15. Pursuant to the Stipulated Order attached and incorporated hereto as Exhibit "A" ("Cash Collateral Order"), Lender has consented to Debtors' use of Cash Collateral subject to the terms and provisions of the Cash Collateral Order.

16. To the extent Lender has an interest in the Cash Collateral of Debtors, Debtors seek to provide adequate protection to Lender with respect to the Prepetition Obligations as described in the Cash Collateral Order.

17. The Cash Collateral Order is the product of negotiations among the Debtor and Lender and reflects the terms under which Lender would consent to the use of Cash Collateral during the Interim Period.  The Debtor respectfully submits that the proposed use of Cash Collateral is necessary to preserve its assets and property (including the Pre-Petition Collateral),

OMA-314800-1

IN THE MATTER OF
KAUKAUNA LODGING, INC. ET AL., Debtors
Case No. BK 10-82869, 10-82868,
10-82871, 10-43009, 10-43012
Motion to Use Cash Collateral

and will avoid immediate and irreparable harm to the Debtors, each respective estate (including the ability to preserve assets) and the creditors thereof.

18. With the consent and approval of Lender, Debtors request that this Court enter an interim order authorizing Debtors to use Cash Collateral during the Interim Period; provided that nothing herein or the Cash Collateral Order shall bar or otherwise impair Debtors' ability to seek authority to use Cash Collateral thereafter in any manner allowed by §363(c).

19. Debtors request that this Court enter an order modifying the automatic stay of §362(a) to allow for the implementation of the terms of the Order.

### Notice

20. Debtors will serve this Motion by overnight mail, facsimile transmission or electronic mail copies of this Motion on Lender and its counsel, each Debtor's 20 largest unsecured creditors, the United States Trustee, any other parties which a Debtor knows are entitled to notice under Bankruptcy Rule 4001(b) as of such date, and any other party-in-interest for which counsel to each Debtor has received a written request in this case before noon on such date to receive such pleadings.

### Request for Final Hearing

21. Pursuant to Bankruptcy Rule 4001(b), a final hearing on a motion to use cash collateral may not be commenced earlier than 15 days after service of such motion. Debtors request that this Court enter the Interim Order authorizing Debtors, pursuant to the terms of the Interim Order, to use Cash Collateral in accordance with the Budget Projections and schedule a hearing to consider approval of the Debtors' use of Cash Collateral on a final basis on or around December 15, 2010. If the Debtor is unable to obtain the immediate use of Cash Collateral, it

OMA-314800-1

IN THE MATTER OF
KAUKAUNA LODGING, INC. ET AL., Debtors
Case No. BK 10-82869, 10-82868,
10-82871, 10-43009, 10-43012
Motion to Use Cash Collateral

will be unable to meet its operation and payroll obligations, resulting in immediate and irreparable harm to the value of its assets.

### Request for Shortened Resistance Deadline and Expedited Hearing

22. In the event this Court does not authorize Debtors' use of Cash Collateral, Debtors assert that they will be unable to maintain the Facilities, the operation of which is the sole source of income for Debtors' individual estates. Without the ability to use of Cash Collateral, Debtors will be seriously and irreparably harmed, resulting in significant losses to Debtors' individual estates and the creditors thereof. Accordingly, good cause exists to shorten the resistance deadline to this Motion to 5 days. Debtors further request that this Court set this matter for hearing on November 1, 2010, or as close thereto as the Court's calendar will permit.

WHEREFORE, Debtors and Lender respectfully request that the Court shorten the resistance deadline to this Motion to 5 days, set an expedited hearing, enter an order in substantially the same form as the stipulated Order attached hereto as Exhibit "A" granting this Motion in full, authorizing the use of Cash collateral as described in the Cash Collateral Order granting any other relief at equity or law this Court deems necessary.

Dated this 25 day of October, 2010

KAUKAUNA LODGING, INC.,
Debtor.

By: _____
Robert V. Ginn (No. 15061)
Patrick R. Turner (No. 23461)
Husch Blackwell, LLP
1620 Dodge Street, Suite 2100
Omaha, Nebraska 68102
Tel. No. 402-964-5000
Fax No. 402-964-5050

OMA-314800-1

IN THE MATTER OF
KAUKAUNA LODGING, INC. ET AL., Debtors
Case No. BK 10-82869, 10-82868,
10-82871, 10-43009, 10-43012
Motion to Use Cash Collateral

                                  **GRAND FORKS SETTLE INN
                                  LIMITED PARTNERSHIP,**
                                  Debtor.

By: _____
       Robert V. Ginn (No. 15061)
       Patrick R. Turner (No. 23461)
       **Husch Blackwell, LLP**
       1620 Dodge Street, Suite 2100
       Omaha, Nebraska  68102
       Tel. No. 402-964-5000
       Fax No. 402-964-5050

                                  **GRAND FORKS LODGING
                                  LIMITED PARTNERSHIP,**
                                  Debtor.

By: _____
       Robert V. Ginn (No. 15061)
       Patrick R. Turner (No. 23461)
       **Husch Blackwell, LLP**
       1620 Dodge Street, Suite 2100
       Omaha, Nebraska  68102
       Tel. No. 402-964-5000
       Fax No. 402-964-5050

                                  **LINCOLN VENTURES, LLC,**
                                  Debtor.

By: _____
       Robert V. Ginn (No. 15061)
       Patrick R. Turner (No. 23461)
       **Husch Blackwell, LLP**
       1620 Dodge Street, Suite 2100
       Omaha, Nebraska  68102
       Tel. No. 402-964-5000
       Fax No. 402-964-5050

OMA-314800-1

IN THE MATTER OF
KAUKAUNA LODGING, INC. ET AL., Debtors
Case No. BK 10-82869, 10-82868,
10-82871, 10-43009, 10-43012
Motion to Use Cash Collateral

By: **SEWARD LODGING BUILDERS, INC.**, Debtor.

/s/ signature

Robert V. Ginn (No. 15061)
Patrick R. Turner (No. 23461)
**Husch Blackwell, LLP**
1620 Dodge Street, Suite 2100
Omaha, Nebraska 68102
Tel. No. 402-964-5000
Fax No. 402-964-5050

AND

**BANK OF AMERICA, N.A., as Trustee for the registered holders of Wachovia Bank Commercial Mortgage Trust, Commercial Mortgage Pass-Through Certificates, Series 2005-C22**

By: /s/ T. Randall Wright
**T. Randall Wright**
**Baird Holm, LLP**
1500 Woodmen Tower
1700 Farnam Street
Omaha, Nebraska 68102
Tel. No. 402-344-0500
Fax No. 402-344-0588

OMA-314800-1