IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF<br><br>KAUKAUNA LODGING, INC.<br><br>                Debtor. | Case No. BK 10-82869<br>(Proposed Lead Case)<br><br>Chapter 11 |
| IN THE MATTER OF<br><br>GRAND FORKS SETTLE INN<br>LIMITED PARTNERSHIP<br>                Debtor. | Case No. BK 10-82868<br><br>Chapter 11 |
| IN THE MATTER OF<br><br>GRAND FORKS LODGING<br>LIMITED PARTNERSHIP<br>                Debtor. | Case No. BK 10-82871<br><br>Chapter 11 |
| IN THE MATTER OF<br><br>SEWARD LODGING BUILDERS, INC.<br><br>                Debtor. | Case No. BK 10-43009<br><br>Chapter 11 |
| IN THE MATTER OF<br><br>LINCOLN VENTURES, L.L.C.<br><br>                Debtor. | Case No. BK 10-43012<br><br>Chapter 11 |

**AGREED INTERIM ORDER AUTHORIZING THE LIMITED USE OF
CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION**

THIS MATTER COMING TO BE HEARD upon the motion (the "Motion") of KAUKAUNA LODGING, INC., debtor and debtor-in-possession in Case BK 10-82869, the GRAND FORKS SETTLE INN LIMITED PARTNERSHIP, debtor and debtor-in-possession in Case BK 10-82868, the GRAND FORKS LODGING LIMITED PARTNERSHIP, debtor and

OMA-314697-1


EXHIBIT A

IN THE MATTER OF
KAUKAUNA LODGING, INC. ET AL., Debtors
Case No. BK 10-82869, 10-82868,
10-82871, 10-43009, 10-43012
Interim Order Granting Motion to Use Cash Collateral

debtor-in-possession in Case BK 10-82871, SEWARD LODGING BUILDERS, INC, debtor and debtor-in-possession in Case BK 10-43009, LINCOLN VENTURES, LLC, debtor and debtor-in-possession in Case BK 10-43012, (collectively referred to herein as "Debtors"[1]) and BANK OF AMERICA, N.A., AS TRUSTEE FOR THE REGISTERED HOLDERS OF WACHOVIA BANK COMMERCIAL MORTGAGE TRUST, COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-C22 ("Lender") for the entry of an interim order (A) authorizing Debtors to use certain "Cash Collateral" (as defined in Section 363(a) of the United States Bankruptcy Code, 11 U.S.C. § 101, *et. seq.* (the "Bankruptcy Code") and hereinafter referred to as "Cash Collateral"), and (B) granting certain substitute and additional liens and other relief for the benefit of Lender; and Lender having consented to the use of certain Cash Collateral pursuant to the terms of this Interim Order.

**THE COURT HAS BEEN ADVISED THAT DEBTORS AND LENDER HAVE STIPULATED TO THE FOLLOWING:**

A. On October 1, 2010 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Nebraska (the "Court"). Pursuant to §§ 1107 and 1108 of the Bankruptcy Code, each Debtor has retained possession of its property and continues to operate its businesses as a debtor-in-possession.

B. Each Debtor is a separate legal entity and each owns, controls, and operates a separate hotel complex (collectively, the "Facilities").

---

[1] Unless otherwise noted, the use of the term "Debtor" shall refer to each individual debtor comprising the Debtors.

IN THE MATTER OF
KAUKAUNA LODGING, INC. ET AL., Debtors
Case No. BK 10-82869, 10-82868,
10-82871, 10-43009, 10-43012
Interim Order Granting Motion to Use Cash Collateral

C. Debtors have negotiated with Lender to obtain consent for the use of Cash Collateral in order to continue business operations at the Facilities and to preserve Debtors' assets.

D. Lender has authorized Debtors to use certain Cash Collateral.

E. This Interim Order is made and entered into pursuant to Fed. R. Bank. P. 4001.

F. Lender and Debtors are fully aware of the consequences and effects of the execution of this Interim Order.

G. Lender and Debtors have voluntarily agreed to be bound by the terms of this Interim Order.

H. On or about November 1, 2005, Artesia Mortgage Capital Corporation ("Artesia") made a loan to Debtors, each as a borrower, in the original principal amount of $7,155,000.00 (the "Loan"). To evidence the Loan, Artesia and Debtors executed on or about that same date a single loan agreement (the "Loan Agreement") and a single defeasance promissory note (the "Note") in the original principal amount of $7,155,000.00 (that principal amount, together with all interest, fees, costs, expenses and other amounts now or hereafter owing or accruing pursuant to the Security Instruments (as hereinafter described) are collectively referred to hereinafter as the "Prepetition Obligations").

I. Other than in respect of the stay of enforcement arising from §362 of the Bankruptcy Code, Debtors acknowledge that the Prepetition Obligations constitute the legal, valid and binding obligations of Debtors, enforceable in accordance with the terms of the Note, the Loan Agreement and the Security Instruments (as hereinafter described).

J. To secure the Prepetition Obligations, each Debtor executed, among other things, a separate commercial deed of trust or commercial mortgage, security agreement and assignment of

IN THE MATTER OF
KAUKAUNA LODGING, INC. ET AL., Debtors
Case No. BK 10-82869, 10-82868,
10-82871, 10-43009, 10-43012
Interim Order Granting Motion to Use Cash Collateral

rents (collectively, the "Security Instruments") granting liens in favor of Artesia (the "Prepetition Liens") in all or substantially all of Debtors' assets, including, without limitation, improved real property, personal property, fixtures and other assets described in the Security Instruments (such assets immediately prior to the Petition Date being referred to herein as the "Prepetition Collateral").

K. The Security Instrument executed by the Kaukauna Lodging, Inc. was filed in the office of the Outagamie County, Wisconsin register of deeds on November 16, 2005, as instrument 1688962. The Security Instrument by the Grand Forks Settle Inn Limited Partnership was filed in the office of the Grand Forks County, North Dakota register of deeds on November 15, 2005, as instrument 663642. The Security Instrument by the Grand Forks Lodging Limited Partnership was filed in the office of the Grand Forks County, North Dakota register of deeds on November 15, 2005, as instrument 645384. The Security Instrument by Lincoln Ventures, L.L.C. Lancaster County, Nebraska register of deeds on November 16, 2005, as instrument 2005068143. The Security Instrument by Seward Lodging Builders, Inc. was filed in the office of the Seward County, Nebraska register of deeds on November 16, 2005, at Book 334, Page 389.

L. To further secure Debtors' obligations under the Loan, David Graf executed a Limited Recourse Obligations Guaranty in favor of Artesia (the "Graf Guaranty").

M. Through a series of assignments, Lender claims to be the current holder of the Note, assignee of the Loan Agreement, the Security Instruments and the Graf Guaranty and the real party-in-interest entitled to enforce the Prepetition Obligations.

N. Pursuant to the Security Instruments, Lender claims a valid and perfected first priority security interest in, *inter alia*, the cash proceeds of, and rents produced by, the Prepetition

IN THE MATTER OF
KAUKAUNA LODGING, INC. ET AL., Debtors
Case No. BK 10-82869, 10-82868,
10-82871, 10-43009, 10-43012
Interim Order Granting Motion to Use Cash Collateral

Collateral. Cash proceeds of, and rents from, the Prepetition Collateral that come into the possession, custody or control of Debtors constitute Cash Collateral.

O. Lender has indicated a willingness to consent to Debtors' use of a limited amount of Cash Collateral for a limited period of time and only pursuant to the terms of this Interim Order, on the condition that the Court, pursuant to §§ 361 and 363 of the Bankruptcy Code, provides to Lender as adequate protection: (1) security interests in and liens and mortgages of deeds of trust upon all of the property of Debtors and their estates (the "Estates"), whether now existing or hereafter acquired or arising, except as provided herein to the same extent and priority as Lender's prepetition security interests, liens, mortgages or deeds of trust; and (2) the other relief accorded Lender pursuant to this Interim Order.

P. Lender will not agree or consent to the use of its Cash Collateral except on the terms and conditions contained in this Interim Order and is relying on such terms and conditions in agreeing to Debtors' use of Cash Collateral on the terms hereof.

Q. Debtors represent and state to the court and to Lender that David Graf currently neither has nor claims any beneficial or ownership interest in Crown Group, Inc., which is the manager of the Debtor's assets, nor does he receive any compensation or other income from Crown Group, Inc.

R. It is necessary and appropriate for Debtors to grant to Lender, to the same extent and priority as Lender's prepetition security interests, liens, mortgages or deeds of trust, liens, security interests and mortgages or deeds of trust in the property of the Estates as set forth in this Interim Order and to provide Lender the other rights and protections set forth herein.

Case 10-82869-TLS    Doc 31-1    Filed 10/26/10    Entered 10/26/10 11:25:37    Desc
Exhibit A - Proposed Order    Page 6 of 12

IN THE MATTER OF
KAUKAUNA LODGING, INC. ET AL., Debtors
Case No. BK 10-82869, 10-82868,
10-82871, 10-43009, 10-43012
Interim Order Granting Motion to Use Cash Collateral

S. The terms of the use of Cash Collateral authorized hereby are fair under the circumstances and reflect Debtors' exercise of prudent business judgment consistent with their fiduciary duties.

T. Lender and Debtors have: (a) negotiated the terms and conditions of this Interim Order in good faith and at arms length; and (b) offered sufficient evidence of the good faith of Lender in agreeing to this Interim Order and Debtors' use of the Cash Collateral on the terms set forth herein.

U. Good and sufficient notice of the Motion has been provided.

V. Debtors have requested immediate entry of this Interim Order pursuant to Bankruptcy Rule 4001(b)(2). Good cause has been shown for the entry of this Interim Order.

**NOW THEREFORE IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT**

**Cash Collateral Usage**

1. Subject to the terms and conditions contained in this Interim Order, the Motion is granted. Each Debtor may use Cash Collateral during the period commencing as of the Petition Date only through and including the earlier of: (a) 5:00 p.m. on December 15, 2010; (b) 10 days after Lender provides notice to Debtors that it is terminating its consent to the use of Cash Collateral; (c) the entry by this Court of an order reversing, amending, supplementing, staying, vacating or otherwise modifying the terms of this Interim Order; (d) the conversion of that Debtor's case to a case under chapter 7 of the Bankruptcy Code; (e) the appointment of a trustee or examiner or other representative with expanded powers for a Debtor; or (f) the occurrence of the effective date or consummation of a plan of reorganization for a Debtor (the first such occurrence being hereinafter referred to as the "Termination Event"). On and after a Termination Event, the respective Debtor shall immediately cease using any of the Cash Collateral; *provided, however,* that

IN THE MATTER OF
KAUKAUNA LODGING, INC. ET AL., Debtors
Case No. BK 10-82869, 10-82868,
10-82871, 10-43009, 10-43012
Interim Order Granting Motion to Use Cash Collateral

each Debtor reserves the right to seek Court authorization to continue to use such Cash Collateral and Lender reserves the right to oppose such relief.

2. Debtors shall use or consume Cash Collateral only: (a) in accordance with the budget attached hereto as <u>Exhibit A</u> (the "Budget"), including the time period and category limits set forth therein, with a permitted 10% deviation of each line item, and (b) in compliance with the other terms of this Interim Order. The cumulative amount of Cash Collateral usage during such period shall not exceed the amount set forth in the Budget for such period with a permitted 10% deviation of each line item.

3. On the first day of every month after the entry of this Interim Order, Debtors shall pay Lender an amount equal to the interest accrued on the Prepetition Obligations during the prior month, with such interest accruing at a rate 5.91% per annum, the non-default contract rate of interest under the Note. Nothing in this Interim Order shall in any way restrict Lender's rights, if any, to default interest accruing on the Prepetition Obligations, prepayment premiums, late fees or attorneys' fees and costs, as specified in the Note and the Loan Agreement.

4. Absent further order of the Court and notwithstanding anything contained in the Budget to the contrary, Debtors may not use any Cash Collateral to satisfy any debts incurred prior to the Petition Date.

**<u>Adequate Protection Liens</u>**

5. As adequate protection for Lender's interests as of the Petition Date in the Prepetition Collateral, Lender is hereby granted, pursuant to §§ 361 and 363 of the Bankruptcy Code, valid, choate, perfected, enforceable and non-avoidable security interests in and liens and mortgages or deeds of trust upon all assets and property of Debtors and the Estates, of any kind or nature

IN THE MATTER OF
KAUKAUNA LODGING, INC. ET AL., Debtors
Case No. BK 10-82869, 10-82868,
10-82871, 10-43009, 10-43012
Interim Order Granting Motion to Use Cash Collateral

whatsoever, whether now existing or hereafter acquired or arising, and all proceeds, rents, products or profits thereof (collectively, the "Postpetition Collateral" and, together with the Prepetition Collateral, the "Collateral"), including, without limitation, the Prepetition Collateral owned by each Debtor as of the Petition Date and all proceeds, rents, products or profits thereof, to the same extent and priority as Lender's prepetition security interests, liens, and mortgages or deeds of trust.  To the same extent as Lender's prepetition security interests, liens, mortgages or deeds of trust, such security interests, liens and mortgages or deeds of trust shall at all times be senior to the rights of each Debtor and any successor trustee in these or any subsequent proceedings under the Bankruptcy Code and shall be superior in priority to Lender's security interests, liens and mortgages or deeds of trust existing prior to the Petition Date.  Notwithstanding the foregoing, Lender is not hereby granted a security interest or lien in any cause of action of the Estates arising solely under §§ 544, 545, 547, 548, 549, 550 or 553(b) of the Bankruptcy Code.  The liens, security interests, mortgages or deeds of trust, rights and remedies granted to Lender pursuant to this Interim Order shall not be modified, altered or impaired in any manner by any plan of reorganization or order of confirmation for each Debtor.

6. The security interests, liens and mortgages or deeds of trust granted herein are and shall be: (a) in addition to all security interests, liens, mortgages or deeds of trust and rights of setoff existing in favor of Lender on the Petition Date; and (b) valid, choate, perfected, enforceable, non-avoidable and effective as of the Petition Date without any further action by each Debtor or Lender and without the execution, filing or recordation of any financing statements, security agreements, vehicle lien applications, mortgages or deeds of trust or other documents.  All security interests, liens and mortgages or deeds of trust granted herein to Lender shall be and they hereby are deemed

IN THE MATTER OF
KAUKAUNA LODGING, INC. ET AL., Debtors
Case No. BK 10-82869, 10-82868,
10-82871, 10-43009, 10-43012
Interim Order Granting Motion to Use Cash Collateral

perfected, and no further notice, filing or other act shall be required to effect such perfection. If Lender shall, in its sole discretion, choose to file financing statements, mortgages or deeds of trust or other documents or otherwise confirm perfection of such security interests, liens or mortgages or deed of trust, Lender is authorized to effect such filings and recordations, and all such financing statements, mortgages or deeds of trust or similar documents shall be deemed to have been filed or recorded at the time and on the date of entry of this Interim Order. A photocopy of this Interim Order may, in the discretion of Lender, be filed with or recorded in filing or recording offices in addition to or in lieu of such financing statements, notices of lien or similar instruments, and all filing offices are hereby directed to accept such copy of this Interim Order for filing and recording. If Lender hereafter requests each Debtor to execute and deliver to Lender financing statements, mortgages or deeds of trust or other instruments or documents considered by Lender to be necessary or desirable to further evidence the perfection of the liens, security interests or mortgages or deeds of trust granted in this Interim Order, each Debtor is hereby authorized and directed to execute and deliver those financing statements, instruments and documents.

7. Nothing in this Interim Order shall in any way restrict the scope of Lender's prepetition liens, security interests, mortgage or deeds of trust, rights of setoff or claims with respect to the ", the Prepetition Collateral, or the proceeds, rents, products or profits thereof.

8. Nothing contained in this Interim Order or otherwise, and no action or inaction of Lender shall be deemed to be a consent by Lender to any charge, lien, assessment or claim against the Collateral under §506(c) of the Bankruptcy Code or otherwise.

9. Nothing herein shall prejudice the rights of Lender or constitute a waiver of Lender's rights with respect to the Assignment and Subordination of Management Agreement between and

IN THE MATTER OF
KAUKAUNA LODGING, INC. ET AL., Debtors
Case No. BK 10-82869, 10-82868,
10-82871, 10-43009, 10-43012
Interim Order Granting Motion to Use Cash Collateral

among Debtors, Lender and Crown Group, Inc. and any litigation instituted or to be instituted in connection therewith to recover any fees paid to Crown Group, Inc.

**<u>Additional Protection</u>**

10. In addition to the foregoing protections, except where inconsistent with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") or orders of this Court in this case, Debtors shall fully comply with the obligations as set forth in the Loan Documents, with respect to: (a) access to each Debtor's books and records and the Prepetition Collateral, which provisions shall be deemed to apply to all of the Collateral; (b) financial and other reporting to be reasonably specified by Lender; (c) inspections; (d) maintenance and preservation of the Prepetition Collateral, which provisions shall be deemed to apply to all of the Collateral; (e) operations; and (f) the other provisions therein where not inconsistent with the Bankruptcy Code, the Bankruptcy Rules or orders of this Court in this case.

11. Nothing in this Agreement shall prejudice Debtors' rights, remedies, claims and causes of action against Lender. Any challenge by Debtors to the validity of the Prepetition Liens and/or Lender's standing or ability to enforce the Prepetition Obligations or Prepetition Liens must be made within 60 days of the entry of the order approving this Agreement.

12. No third party is intended to be or shall be deemed to be a third party beneficiary of the provisions of this Interim Order.

13. Notwithstanding any other provision hereof, the protections granted to Lender pursuant hereto are without prejudice to the right of Lender to seek to modify the protections provided hereby so as to provide different or additional protections.

14. The subject of this Interim Order is a "core" proceeding within the meaning of 28 U.S.C.

IN THE MATTER OF
KAUKAUNA LODGING, INC. ET AL., Debtors
Case No. BK 10-82869, 10-82868,
10-82871, 10-43009, 10-43012
Interim Order Granting Motion to Use Cash Collateral

§ 157. This Interim Order shall be valid and fully effective, shall be binding upon and inure to the benefit of Lender, Debtors, the Estates and their respective successors and assigns (including, without limitation, any trustee or examiner in this or any subsequent proceeding under the Bankruptcy Code), immediately upon its entry and during the pendency of each Debtor's bankruptcy proceeding, subject to the right of Lender to terminate its consent to each Debtor's use of Cash Collateral as provided in this Interim Order or the expiration of such consent on the date set forth herein.

15. If any or all of the provisions of this Interim Order are hereafter modified, vacated or stayed by subsequent order of this or any other Court, such stay, modification or vacation shall not affect: (a) the validity of any benefit granted to Lender pursuant to this Interim Order with respect to any Cash Collateral released by Lender to Debtors prior to the later of: (i) the effective date of such stay, modification or vacation; and (ii) receipt of written notice thereof by counsel to Lender (the "Effective Time"); or (b) the validity and enforceability of any liens, security interests, mortgages or deeds of trust or priority authorized hereby.  Notwithstanding any such stay, modification or vacation, any release of Cash Collateral made pursuant to this Interim Order by Lender prior to the Effective Time shall be governed in all respects by the original provisions of this Interim Order.

16. This Interim Order is subject to and shall be effective only upon its entry by the Court.

17. The Court shall retain exclusive jurisdiction to resolve any and all disputes arising from this Interim Order.

**Notice Provisions**

18. Debtors shall, within three (3) business days of the entry of this Interim Order, serve by overnight mail, facsimile transmission or electronic mail copies of this Interim Order and a notice of

IN THE MATTER OF
KAUKAUNA LODGING, INC. ET AL., Debtors
Case No. BK 10-82869, 10-82868,
10-82871, 10-43009, 10-43012
Interim Order Granting Motion to Use Cash Collateral

entry of this Interim Order to Lender and its counsel, each Debtor's 20 largest unsecured creditors, the United States Trustee, any other parties which a Debtor knows are entitled to notice under Bankruptcy Rule 4001(b) as of such date, and any other party-in-interest for which counsel to each Debtor has received a written request in this case before noon on such date to receive such pleadings.

19. A further hearing on Debtors' use of Cash Collateral shall be held on _____, 2010 at _____. Objections to the further use of Cash Collateral shall be filed on or before _____, 2010.

**SO ORDERED** this ___ day of _____, 2010.

_____
UNITED STATES BANKRUPTCY JUDGE

| PREPARED AND SUBMITTED BY: | AGREED TO IN FORM AND CONTENT BY: |
|---|---|
| **DEBTORS,** | **BANK OF AMERICA, N.A.,**<br>as Trustee for the registered holders<br>of Wachovia Bank Commercial<br>Mortgage Trust, Commercial Mortgage<br>Pass-Through Certificates, Series 2005-C22 |
| **Robert V. Ginn (No. 15061)**<br>**Patrick R. Turner (No. 23461)**<br>**Husch Blackwell, LLP**<br>1620 Dodge Street, Suite 2100<br>Omaha, Nebraska 68102<br>Tel. No. 402-964-5000<br>Fax No. 402-964-5050 | **T. Randall Wright**<br>**Baird Holm, LLP**<br>1500 Woodmen Tower<br>1700 Farman Street<br>Omaha, Nebraska 68102<br>Tel. No. 402-344-0500<br>Fax No. 402-344-0588 |
| Attorneys for Debtors | Attorneys for Lender |