**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| IN THE MATTER OF | ) | Chapter 11 |
| | ) | |
| KAUKAUNA LODGING, INC. | ) | Case No. BK 10-82869 |
| | ) | (Lead Case) |
| Debtor. | ) | |

| | | |
|---|---|---|
| IN THE MATTER OF | ) | Chapter 11 |
| | ) | |
| GRAND FORKS SETTLE INN LIMITED PARTNERSHIP | ) | Case No. BK 10-82868 |
| | ) | |
| Debtor. | ) | |

| | | |
|---|---|---|
| IN THE MATTER OF | ) | Chapter 11 |
| | ) | |
| GRAND FORKS LODGING LIMITED PARTNERSHIP | ) | Case No. BK 10-82871 |
| Debtor. | ) | |

| | | |
|---|---|---|
| IN THE MATTER OF | ) | Chapter 11 |
| | ) | |
| SEWARD LODGING BUILDERS, INC. | ) | Case No. BK 10-43009 |
| | ) | |
| Debtor. | ) | |

| | | |
|---|---|---|
| IN THE MATTER OF | ) | Chapter 11 |
| | ) | |
| LINCOLN VENTURES, L.L.C. | ) | Case No. BK 10-43012 |
| | ) | |
| Debtor. | ) | |

**OBJECTION OF BANK OF AMERICA, N.A., AS TRUSTEE FOR THE REGISTERED HOLDERS OF WACHOVIA BANK COMMERCIAL MORTGAGE TRUST, COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-C22, TO THE DEBTORS' USE OF CASH COLLATERAL BEYOND DECEMBER 15, 2010**

Bank of America, N.A., as Trustee for the Registered Holders of Wachovia Bank Commercial Mortgage Trust, Commercial Mortgage Pass-Through Certificates, Series 2005-C22 ("Lender"), pursuant to 11 U.S.C. §§ 361 and 363 and the Order authorizing Debtors' interim and limited use of Lender's cash collateral (the "Interim Order") [Docket Entry #40], hereby objects to Debtors' use of cash collateral beyond December 15, 2010 and, in support thereof, states as follows:

1. On October 1, 2010 (the "Petition Date"), Kaukauna Lodging, Inc., Grand Forks Settle Inn Limited Partnership, Grand Forks Lodging Limited Partnership, Seward Lodging Builders, Inc. and Lincoln Ventures, L.L.C. (collectively, "Debtors") commenced voluntary petitions for relief under chapter 11 of the United States Code, 11 U.S.C. §§ 101, *et seq*. (the "Bankruptcy Code").  Debtors each own a hotel, two of which are located in Nebraska and two of which are located in North Dakota and one of which is located in Wisconsin (collectively, the "Hotels").

2. As of the Petition Date, Lender had commenced foreclosures on three of the five Hotels and had planned to commence foreclosures on the remaining two.

3. Debtors are indebted to Lender pursuant to a $7,155,000 loan (the "Loan") evidenced by a promissory note (the "Note"), among other things.  As of the Petition Date, Debtors were indebted to Lender in the original principal amount of over $6,250,000 (that principal amount, together with all interest, fees, costs, expenses and other amounts now or hereafter owing or accruing pursuant to the Loan Documents are collectively referred to hereinafter as the "Indebtedness").

4. The Indebtedness is secured by all or substantially all of Debtors' assets, including, without limitation, the Hotels (such assets immediately prior to the Petition Date being

referred to herein as the "Prepetition Collateral"), pursuant to five separate deeds of trust and/or mortgages (the "Security Instruments"), among other things (together with the Note, the "Loan Documents"). In addition, pursuant to the Loan Documents, Lender has a valid and perfected first priority security interest in, *inter alia*, the cash proceeds of, and rents produced by, the Prepetition Collateral, which constitute Lender's cash collateral.

5.   On October 25, 2010 – 24 days after the Petition Date – Debtors filed a Motion to Use Cash Collateral.

6.   With Lender's consent, on November 2, 2010 – 32 days after the Petition Date – the Court entered the Interim Order, which:

> a.   authorized Debtors to use Lender's Cash Collateral to satisfy necessary and ordinary expenses associated with the Hotels' continued operation and pursuant to a specified budget (the "Budget") attached to the Interim Order (Int. Order at ¶ 2);
>
> b.   authorized Debtors to use Lender's Cash Collateral until the earlier to occur of December 15, 2010 or such other "Termination Event" (*Id*. at ¶ 1);
>
> c.   granted Lender a perfected, first priority security interest and lien upon all of Debtors' and their bankruptcy estates' assets to the extent of Lender's prepetition security interests (*Id*. at ¶¶ 5-7); and
>
> d.   required Debtors to pay Lender, on the first day of every month after the entry of the Interim Order, an amount equal to the interest accrued on the Indebtedness during the prior month, with such interest accruing at a rate of 5.91% per annum, the non-default contract rate of interest under the Note. (*Id*. at ¶ 3.)

7.   The first such payment owed to Lender under the Interim Order, amounting to more than $31,000, was due on December 1, 2010 (the "Required Interest Payment"). As of the date of this objection, Debtors have failed to pay the Required Interest Payment.

8.   Despite Lender's request, Debtors have not provided Lender with a proposed budget for any period following December 2010, or otherwise conveyed how they intend to

reorganize. Thus, Lender cannot determine what Debtors' plan is following the expiration of its authorized use of Cash Collateral on December 15, 2010 and questions whether Debtors can successfully reorganize at all.

9. Debtors have not taken any steps to obtain the Court's authority to satisfy prepetition employee wage claims, provide utility companies with adequate assurance of future performance or maintain customer benefit and rewards programs and satisfy any prepetition obligations owing under such programs.

10. Due to Debtors' failure to comply with the terms of the Interim Order, the lack of any meaningful progress in Debtors' cases and Debtors' unwillingness to provide Lender with a budget for use of Cash Collateral extending past December 2010, Lender is concerned about the status of its collateral, including the Cash Collateral. Consequently, Lender objects to any further use of its Cash Collateral beyond December 15, 2010.[1]

Dated: December 6, 2010

                                    BANK OF AMERICA, N.A., AS TRUSTEE
FOR THE REGISTERED HOLDERS OF
WACHOVIA BANK COMMERCIAL
MORTGAGE TRUST, COMMERCIAL
MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2005-C22

By: s/T. Randall Wright
    T. Randall Wright (NE No. 16398)
    Baird Holm LLP
    1500 Woodmen Tower
    1700 Farnam Street
    Omaha, NE 68102
    Tel. No. 402-636-8228
    Fax No. 402-344-0588
    E-mail: rwright@bairdholm.com

---

[1] Lender does not waive any of its rights to seek termination of Debtors' use of Cash Collateral following the occurrence of any one or more Termination Events contained in the Interim Order. *See* Int. Order at ¶¶ 1, 13.

and

David M. Neff (IL No. 06190202)
David J. Gold (IL No. 06299872)
Perkins Coie LLP
131 S. Dearborn Street, Suite 1700
Chicago, IL 60603
Tel. No. 312-324-8689
Fax No. 312-324-9689

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on the 6th day of December, 2010, he caused a copy of this document to be filed with the Clerk of the Bankruptcy Court using the CM/ECF system which sent notification of such filing to the following parties:

| | |
|---|---|
| Patricia Fahey<br>ustpregion13.om.ecf@usdoj.gov | Jerry L. Jensen<br>Jerry.L.Jensen@usdoj.gov |
| Robert V. Ginn<br>rvgbknotice@huschblackwell.com | Patrick Raymond Turner<br>patrick.turner@huschblackwell.com |

s/T. Randall Wright

DOCS/1009349.1

-5-

60642-0255/LEGAL19723668.1