**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| IN THE MATTER OF | ) | |
| | ) | Case No. BK 10-82869 |
| KAUKAUNA LODGING, INC., et al. | ) | (Lead Case) |
| | ) | |
| Debtors. | ) | Chapter 11 |

**MEMORANDUM IN SUPPORT OF DEBTOR'S JOINT
OBJECTION TO MOTION FOR RELIEF**

COMES NOW Kaukauna Lodging, Inc., debtor and debtor-in-possession in Case BK 10-82869, the Grand Forks Settle Inn Limited Partnership, debtor and debtor-in-possession in Case BK 10-82868, the Grand Forks Lodging Limited Partnership, debtor and debtor-in-possession in Case BK 10-82871, Seward Lodging Builders, Inc, debtor and debtor-in-possession in Case BK 10-43009, Lincoln Ventures, LLC, debtor and debtor-in-possession in Case BK 10-43012, (collectively referred to herein as "Debtors"[1]), and files this Memorandum in support of their Joint Objection to Motion for Relief filed by the Bank of America, N.A. as Trustee for the registered holders of Wachovia Bank Commercial Mortgage Trust, Commercial Mortgage Pass-Through Certificates, Series 2005-C22 ("Movant"):

**Background**

1. Debtors filed separate voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code on October 1st, 2010.

2. Debtors stand in the shoes of a trustee in bankruptcy, remain in possession of their respective assets, and continue to operate their respective businesses pursuant to 11 U.S.C. §§ 1101, 1107 and 1108.

3. An Official Committee of Unsecured Creditors has not been appointed in this case.

4. On April 21, 2011, Movant filed a motion for relief under 11 U.S.C. §§ 362(d)(1) and d(2) ("Motion"). *See* Filing No. 93.

5. On May 26, 2011, the Court denied the Motion. *See* Filing No. 113.

6. On June 15, 2011, Debtors filed their first disclosure statement. *See* Filing No. 118.

---

[1] Unless otherwise noted, the use of the term "Debtor" shall refer to each individual debtor comprising the Debtors.

OMA-329439-1

IN THE MATTER OF
KAUKAUANA LODGING INC.
Case No. BK 10-82869
Memorandum in Support of Debtors' Objection to Motion for Relief

7.  On July 13, 2011, Movant filed an objection to the first disclosure statement.  *See* Filing No. 126.

8.  On August 9, 2011, the Court denied approval of the first disclosure statement.  *See* Filing No. 144.

9.  Also on August 9, 2011, the Court set Movant's Motion for trial. *See* Filing No. 146.

10. On August 22, 2011, Debtors filed their First Amended Disclosure Statement ("Disclosure Statement").  *See* Filing No. 148.

11. The objection deadline for the Disclosure Statement has not yet been lapsed.

## Standard for Relief from the Automatic Stay

11 U.S.C. §362(d) provides that "on request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay: (1) for cause, including the lack of adequate protection of an interest in property of such party in interest; [and] (2) with respect to a stay of an act against property under subsection (a) of this section, if -- (A) the debtor does not have an equity in such property; and (B) such property is not necessary to an effective reorganization".  *Id.*

However the burden of proof "on a request for relief for cause, pursuant to 11 U.S.C. § 362(d)(1), is on the debtor.  This ultimate burden only exists, however, where adequate grounds for causal relief are first laid out by the moving party.  To sufficiently raise an issue of cause, the moving party must always bear an initial burden of establishing a prima facie case.  Once the initial burden of the prima facie case is satisfied, the burden of proof shifts to the debtor." *In re Panther Mountain Land Development, LLC*, 438 B.R. 169, 189 (Bankr. E.D. Ark. 2010).  *See also In re Timmer*, 423 B.R. 870, 874 (Bankr. N.D. Iowa 2010) (In the 8th Circuit, and under §362(d)(1), the party seeking relief has the "burden to show that "cause" exists to lift the stay").

Although Movant's Motion raises several issues that Movant believes constitute cause for relief, the Court, following the first hearing on the Motion, has asked the parties to present live testimony as to the feasibility of Debtors' plan (which was amended after this Court's August 9, 2011 order).  More specifically, the Court's order stated:

IN THE MATTER OF
KAUKAUANA LODGING INC.
Case No. BK 10-82869
Memorandum in Support of Debtors' Objection to Motion for Relief

> Lender's primary argument in support of relief is that Debtors do not have the ability to propose a feasible plan of reorganization. Debtors, on the other hand, assert that they do have the ability to reorganize and they have been paying their obligations as they become due.
>
> Upon review of the record, I have determined that a final hearing on live testimony is necessary. At or before that hearing, Lender, as movant, must provide detailed information as to why a plan of reorganization is not feasible, including a detailed picture of the finances of Debtors' properties and the present and projected value of Lender's collateral. Further, Debtors must provide specific detail regarding whether Debtors have had and are projected to have sufficient income to meet their debt service obligations, taxes, and insurance, together with reserves for capital improvements and repairs, among other items.
>
> In other words, this court anticipates the final hearing will involve much more than broadbrush statements and generalities. Lender needs to establish its prima facie case and provide a detailed road map of the evidence in the record supporting its motion. Of course, Debtors should anticipate that Lender will be able to meet its burden, thereby shifting the burden to Debtors to establish feasibility, again with a detailed road map of the evidence supporting its position

*See* Filing No. 145.

It ultimately appears that the Court is asking Movant to prove the infeasibility, or conversely requiring Debtors to prove the feasibility, of Debtors' Plan outside the confirmation process and before the approval of the Disclosure Statement. Accordingly, a discussion regarding the standard of feasibility in the context of §1129(a)(11) is needed. First, however, Debtors wish to address Movant's other arguments.

<u>11 U.S.C. §362(d)(1)</u>

First, Movant argues that it is not adequately protected because of several specific reasons, though notably missing is an argument that Movant is not receiving the agreed upon adequate protection payments. Rather, Movant insinuates misconduct by the Debtors.

Second, Movant complains that Debtors were delinquent is seeking permission to use cash collateral. Although Movant's call into question the history of the cash collateral agreements in this case, Movant can hardly complain considering that it has participated in the cash collateral process, ratified any delays by their actions, and have now agreed to the use of cash collateral through the end of May.

IN THE MATTER OF
KAUKAUANA LODGING INC.
Case No. BK 10-82869
Memorandum in Support of Debtors' Objection to Motion for Relief

Third, Movant refers to several cash transfers in the February 2011 operating reports. However, the cash in question was in fact paid to Movant through the Debtors' normal and ordinary course payment structure. Despite Movant's insinuation of misconduct, the only party to receive any cash benefit from this transfer was Movant.

Lastly, Movant would have this Court believe that Debtors (or a few of them) are in imminent danger of losing their computer based reservation system at any moment. This is simply not true. The situation raised in Settle Inn, LLC motion to force the assumption or rejection of several franchise agreements has all but resolved itself. In other words, there is no longer an imminent danger of a shutdown.

11 U.S.C. §362(d)(2)

The test for relief under §362(d)(2) is a two part test requiring a lack of equity and a showing that the property in which there is no equity is not necessary for an effective reorganization.

Movant is required to prove that Debtors have no equity in their respective hotels. Movant has yet to carry its burden as to this element of the §362(d)(2) test.

In support of its contention that Debtors have no equity in their respective hotels, Movant cites to Debtors' respective schedules. However, the hotel values listed in Debtors' schedules, as notated and disclosed plainly therein, are "depreciated book value [and] not necessarily representative of actual book value." Nevertheless, Movant uses these depreciated books values as the basis for their claim. Interestingly, Movant does not cite or refer to the detailed appraisals of Debtors' hotels Movant recently commissioned.

Rather, Movant merely glazes over the first element of the §362(d)(2) test Movant is charged with proving. In addition, Movant seeks to include nearly $2,000,000.00 in prepayment penalties and other fees to which it is not entitled in calculating its claim. Debtors will object to this claim at the appropriate time. Nevertheless, the burden lies on Movant to establish its equity position. However, that equity position cannot be based on false information an amounts which will not be allowed under §502 of the Bankruptcy Code.

Movant goes on to say that Debtors' hotels are not necessary to an effective reorganization. However, this is a n*on-sequitur* as the hotels, being the only assets in these bankruptcy cases, are the only means to effectively reorganization.

IN THE MATTER OF
KAUKAUANA LODGING INC.
Case No. BK 10-82869
Memorandum in Support of Debtors' Objection to Motion for Relief

Moreover, Movant presumes that the likelihood of reorganization is a condition to a continued stay. This presumption is misplaced and has been rejected by this Court. Facing a similar question, this Court stated "[t]he more serious question is whether this property is necessary to an effective reorganization under § 362(d)(2)(B). Clearly, it represents all of the property of the debtor and would be necessary to reorganization. Prudential points to the language of "effective" reorganization and suggests that no effective reorganization is possible and that the possibility of reorganization is a preliminary stepping stone to continuation of the stay under this alternative sub-part. I conclude that that inquiry has no place in a complaint for a relief from stay proceeding because the statute does not suggest it." *Matter of Holt County Grain Storage, Inc.*, 25 B.R. 271, 272 (Bankr. D Neb. 1982). Judge Crawford's statements are well taken.

Stated another way, §362(d)(2)(B) does require the Court or Debtors to show that reorganization is feasible, as Movant suggests, but only that the property is necessary for any sort of reorganization. As the hotels represent Debtors' only assets, there are per se necessary to any kind of reorganization. Nevertheless, to the extent the Court requires a showing of feasibility under §362(d)(2), despite the holding in the *Holt County Grain Storage* case, Debtors refer to their feasibility argument detailed below.

## Feasibility under 11 U.S.C. §1129(a)(11)

As discussed above, it appears that the decision to grant relief from the automatic stay to Movant rests on the feasibility of Debtors' plan of reorganization. The concept of feasibility is derived from 11 U.S.C. §1129(a)(11), which states "[c]onfirmation of the plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the debtor or any successor to the debtor under the plan, unless such liquidation or reorganization is proposed in the plan."

This statutory provision "establishes what is commonly known as the feasibility requirement, and as a practical matter it requires the court to find that the plan is workable before it may be confirmed." *In re Danny Thomas Properties II Ltd. Partnership*, 241 F.3d 959, 962 (8th Cir. 2001). In order to "satisfy the feasibility requirement, the Debtors need to establish only that the Plan has a reasonable probability of success…[and] Courts generally grant debtors every reasonable benefit of the doubt in matters concerning plan feasibility in furtherance of the

IN THE MATTER OF
KAUKAUANA LODGING INC.
Case No. BK 10-82869
Memorandum in Support of Debtors' Objection to Motion for Relief

rehabilitative policies underlying the Code." *In re Bryant*, 439 B.R. 724, 738 (Bankr. E.D. Ark. 2010). Moreover, "Success need not be guaranteed." *In re Monnier Bros.*, 755 F.2d 1336, 1341 (8th Cir. D.),1985.

From this standard, there are several cases worth noting that have come out of this Court and the 8th Circuit regarding why some plans were found to be infeasible.

First, in a 2007 decision, the Nebraska Bankruptcy Court set forth factors it has considered when analyzing the feasibility of a plan. These are: (a) adequacy of capital and availability of working capital; (b) earning power of the debtor's business; (c) availability of post-bankruptcy credit, including borrowing capacities; (d) ability to invest in capital improvements; (e) capability of management; (f) management's commitment to continue with the business after confirmation; (g) the significance of any demonstrated change in the debtor's operations; and (h) external factors. *In the Matter of WBE Company, Inc.*, 2007 WL 4893471, *4 (Bankr. D. Neb. 2007).

In *WBE*, the Nebraska Bankruptcy Court directly addressed the issue of feasibility and found the debtor wanting stating:

> At trial, WBE did not present any evidence on the adequacy of capital or the availability of working capital. Also, WBE did not present any evidence concerning its ability to invest in capital improvements. Scott and Kurt Wiekhorst both testified concerning their experience in managing the business and operating the business. However, although they both have many years of experience in the business, during the last two years they have been working mainly for Valley and Maverick and not effectively managing WBE in a profitable manner. Although they present themselves as being committed to continue with the business after confirmation, the fact is that they have also committed themselves during the past two years and into the near future to the business

> Regarding the earning power of the debtor's business, the evidence presented is speculative and incomplete. The monthly operating reports did not show that WBE has the ability to produce sufficient net income to pay the monthly interest required, let alone pay any other ordinary operating expenses. The documents presented as contracts for the sale of concrete may well represent opportunities for WBE to actually enter into contracts for various projects, but do not represent jobs for which WBE can count on being paid in the near future

> The significance of the demonstrated change in the debtor's operations is that the debtor has basically had no operations since it entered bankruptcy and the debtor has given the court no reason to believe it has the ability to obtain financing, marketing, and project contracts sufficient to operate profitably and pay off the bank. Evidence of the financial ability to operate profitably must not be speculative, conjectural, or unrealistic. Evidence of future revenue predictions must be based on objective fact.

IN THE MATTER OF
KAUKAUANA LODGING INC.
Case No. BK 10-82869
Memorandum in Support of Debtors' Objection to Motion for Relief

> Here, WBE presented a partial pro forma income statement which was prepared at the direction of Scott Wiekhorst using numbers he created. He was unable to explain how much of the revenue would come from public projects, although he assumed WBE would obtain bonding and obtain public contracts in the future. The document had no line item for depreciation or taxes. Scott Wiekhorst testified there would be no taxes during the five-year period because of a loss carry forward. However, he did not support such a statement with any tax returns showing such a loss carry forward or any expert testimony that such a loss carry forward would be usable by the post-confirmation debtor. Furthermore, the document contains no line items for maintenance, payments to unsecured creditors, or purchase of equipment.

*Id.* at *5-6.   Stated another way, the plan in *WBE* was a joke premised on no documentation, total lack of current operations, and only the hope for future income.

Second, the Eighth Circuit in *Clarkson v. Cooke Sales and Service Co.*, 767 F.2d 417, 420 (8th Cir. 1985), the seminal case in the circuit with respect to plan feasibility analysis, set forth factors similar to those enunciated by the Nebraska Bankruptcy Court in *WBE*.  The Court went on to say that, "the feasibility test is firmly rooted in predictions based on objective fact" and that it contemplates "the probability of actual performance of the provisions of the plan. Sincerity, honesty, and willingness are not sufficient to make the plan feasible, and neither are any visionary promises.  The test is whether the things which are to be done after confirmation can be done as a practical matter under the facts."  *Id. (internal quotations omitted).*  The Clarkson standard for plan feasibility analysis has been repeatedly reaffirmed in the Eighth Circuit in recent years.  *See In re Michael Aaron Bowman*, 253 B.R. 233, 238 (8th Cir. 2000) and Danny Thomas, 241 F.3d at 964.

In *Clarkson*, the court affirmed the lower court's finding that the debtor's plan of reorganization was infeasible.  The court criticized the debtor for failing to file operating reports and tax returns, finding this resulted in an "important gap in the record on which the plan might be evaluated."  *Id.*  Further, the court found the debtor's claim that it was ready to tender its first payment insufficient to show the plan was feasible.  *Id.* at 419.

Finally, in I*n re Bowman*, 253 B.R. 233 (8th Cir. B.A.P. 2000). The Court declined to confirm a plan prosed by the debtors as the plan had virtually no chance of success.  Specifically, "the plan proposed that the Debtors would pursue organic farming and the production of organic milk…[However] the Debtors owned no farm equipment, produced no farming track record or

IN THE MATTER OF
KAUKAUANA LODGING INC.
Case No. BK 10-82869
Memorandum in Support of Debtors' Objection to Motion for Relief

historical data, and perhaps most importantly, admitted they had no organic farming experience. In short, the plan which failed to provide full payment for senior classes of creditors, yet allowed the Debtors to retain their property interest, was simply not feasible." *Id.* at 238-39. In addition, the Court noted that like the Debtors' previous plans, the plan at issue "was plagued by numerous inconsistencies and made little sense. For example, the Debtors did not have any organic farming experience; the Debtors did not live on the farming property; the Debtors had not made any attempts to secure financing; the Debtors owned no farm equipment and had not made any arrangements for building the barns and other facilities required for the farming operation; and the Debtors' proposal did not explain how they would work with their judgment creditors or even address specifics about payments to secured creditors." *Id.*

Each of these cases had severe problems not existent in Debtors' case. Debtors possess and operate their hotels. Debtors are able to operate while paying all operating costs (other than debt service to Movant) as they come due. Debtors have provided a detailed financial picture including past, present, and future financial information based upon historical information and reasonable projections. For example, Debtors' future projections include revenue assumptions that are below the revenues Debtors have generated in the past. In addition, Debtor's revenue projections are below what the Movant's own appraiser has projected. For Movant to attack Debtor's revenue projections while falling back on independent appraisals which support Debtors' claims is talking out of both sides of the mouth. In addition, the independent appraisals show a substantial increase in the value of Debtors' properties between now and 2014.

Ultimately, Debtors' records evidence predictions based on objective fact coupled with a plan based on more than sincerity, honesty, and willingness, and visionary promises.[2] Given that, as noted above, Courts grant debtors every reasonable benefit of the doubt in matters concerning plan feasibility in furtherance of the rehabilitative policies underlying the Code, Debtors plan is feasible under the applicable law.

Nevertheless, Movant would have this court believe Debtors' case is more akin to the cases noted above in which plans were found to be infeasible. In reality, Movant offers very little to establish that Debtors' plan is not feasible other than outright manipulation and

---

[2] For clarities sake, in addition to objective facts, Debtors' are sincere, honest and willing.

IN THE MATTER OF
KAUKAUANA LODGING INC.
Case No. BK 10-82869
Memorandum in Support of Debtors' Objection to Motion for Relief

obfuscation of Debtors' actual and projected financial performance (which are of record in this case).  In addition, and Movant attempts to confuse this Court by providing an analysis of Debtors' plan based on variables created by Movant not contained in Debtors' plan.  For example, Movant's exhibit at Filing No. 166 calculates plan payments on a presumed secured claim based on shorter amortization period (by 10 years) and higher interest rate (between 1-2% points) that Debtors' plan calls for.  Perhaps if Movant were to actually analyze Debtors' plan as written rather than on their own subjective terms it would realize the weakness of its position.

Moreover, Movant's exhibit at Filing No. 163 does everything possible to make it seem as though Debtors' cash position has been in steady decline.  No one contests that the hotel business is cyclical.  However, to plot a graph using the Debtors' starting cash position (which, by the way, if incorrect) and the lowest cash position and passing that off as a legitimate picture of Debtors' cash flow stretches the bounds of credulity.  Perhaps the court will be interest in Debtors graph which shows that, while Debtors' cash flow is cyclical, Debtors' cash position today is actually better than it was on the Petition Date.

In the end, Movant has failed in every sense of the word to establish the infeasibility of Debtors' plan. Movant has likewise failed to establish a prima facie case for relief under §362(d)(1) and offers nothing more than speculation and insinuations.

## Alternatively

Alternatively, and presuming that the Court sides with Movant, Debtors respectfully request that the Court does not terminate the stay, but rather modifies or conditions the stay.

## Conclusion

For the reasons states above, Movant has failed to meet its burdens under either §362(d)(1) or (2).  As such, Movant's motion must be denied.

WHEREFORE, Debtors respectfully request that this Court sustain this Objection in full, denying Movant's motion in full, and grant any other relief at equity or law as deemed necessary

IN THE MATTER OF
KAUKAUANA LODGING INC.
Case No. BK 10-82869
Memorandum in Support of Debtors' Objection to Motion for Relief

Respectfully submitted this 31st day of August, 2011.

**KAUKAUNA LODGING, INC., GRAND
FORKS SETTLE INN LIMITED
PARTNERSHIP, GRAND FORKS LODGING,
LIMITED PARTNERSHIP, LINCOLN
VENTURES, LLC, SEWARD LODGING
BUILDERS, INC, Debtors.**

**By:** ___/s Patrick R. Turner_____
**Robert V. Ginn (No. 15061)**
**Patrick R. Turner (No. 23461)**
Husch Blackwell, LLP
1620 Dodge Street, Suite 2100
Omaha, Nebraska  68102
Tel. No. 402-964-5000
Fax No. 402-964-5050